# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ANGEL G. DOMINGUEZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:23-cv-01232 |
| MUNICIPAL CREDIT SERVICE CORP, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Now comes ANGEL G. DOMINGUEZ ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MUNICIPAL CREDIT SERVICE CORP ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* and the Texas Credit Services Organizations Act ("TCSOA") under Tex. Fin. Code § 393.101 *et seq.* in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Western District of Texas and a substantial portion of the events or omissions giving rise to the instant claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a "person," as defined by 47 U.S.C. § 153(39), and consumer over 18 years of age, residing in San Antonio, Texas, which lies within the Western District of Texas.

5. Defendant is a credit repair organization offering consumers the ability to improve their credit through its offered services. Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 8672 Bird Road, Suite 208, Miami, Florida.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately February of 2023, Plaintiff was looking to improve and clean up his credit, and subsequently began looking into various credit repair companies.

9. Plaintiff subsequently happened upon Defendant.

10. Plaintiff explained the nature of the issues impacting his credit, and told Defendant about some late payments, issues that arose with an authorized user, and other information that was negatively impacting his credit.

11. Defendant explicitly represented to Plaintiff that it would be able to get Plaintiff's desired information removed from his credit, including the late payments and other information that was otherwise accurately being reported on Plaintiff's credit.

12. Defendant affirmatively represented it could get the desired information removed from Plaintiff's credit report regardless of whether it was inaccurate or otherwise properly subject to removal.

13. Finding the nature of Defendant's representations desirable, Plaintiff subsequently entered into a contract with Defendant for the provision of its services.

14. Defendant charged Plaintiff a series of upfront payments to Defendant before Defendant performed any services for Plaintiff, including $599 in set up fees and additional payment of $300.

15. It was represented these payment would cover all credit repair services Plaintiff would need from Defendant, for life.

16. However, once Defendant acquired Plaintiff's up-front payments, it failed to perform any work for Plaintiff, or even respond to Plaintiff's requests for updates about what Defendant was doing.

17. Defendant failed to get the negative information it represented would be removed from Plaintiff's credit report.

18. Plaintiff has been trying to speak with Defendant for months, but Defendant does not answer his calls, instead sparsely communicating with Plaintiff through text despite Plaintiff's lack of desire to do so.

19. Upon information and belief, Defendant is engaged in active fraudulent scheme whereby it makes false promises to consumers regarding the results they can experience through its services, collect exorbitant upfront payment for "lifetime" services, only to subsequently fail to perform any services, let alone deliver the lofty results it promised Plaintiff and similarly promises consumers.

20. Frustrated, distressed, and confused over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm stemming from payments made for deficient credit repair services, further out of pocket damages, as well as numerous violations of her state and federally protected interests to be free from fraudulent and deceptive conduct on the part of credit repair organizations.

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

24. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

### a. Violations of CROA §§ 1679b(a)(3)-(4)

25. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

26. Defendant violated the above provisions of the CROA through the false and deceptive representations it made to Plaintiff regarding the services it could offer. Defendant represented

4

that derogatory information would be removed from Plaintiff's credit file regardless of whether such information was inaccurate or could reasonably be removed. This was a false and misleading representation engaged in as a matter of course by Defendant, done for the purpose of tricking consumers into believing unrealistic results can be delivered.

27. Defendant further violated the above provisions of the CROA through its complete failure to provide services or deliver any results to Plaintiff. Defendant failed to get the information removed that it affirmatively represented would be removed, illustrating its violations of the CROA.

    b.  **Violations of CROA § 1679b(b)**

28. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

29. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services were fully performed. Defendant improperly charged Plaintiff exorbitant upfront fees prior to performing any work for Plaintiff. Defendant engages in this conduct so as to recoup payment premised upon its false representations before consumers can become wise to the falsity of Defendant's representations.

    c.  **Violation of CROA §§ 1679d**

30. The CROA, pursuant to 15 U.S.C. § 1679d, outlines various requirement for the contracts between credit repair organizations and consumers. § 1679d(b)(2) requires that CROs include an estimate of "the date by which the performance of the services . . . will be complete; or the length of the period necessary to perform such services." § 1679d(b)(4) further requires credit repair

organization to include, "a conspicuous statement **in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract**, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right."

31. Defendant violated 15 U.S.C. §§ 1679d(b)(2) & (b)(4) through its failure to provide the requisite information and disclosures as required in the manner required by the CROA. Defendant's contract is of indefinite length. Defendant's contract further fails to provide a disclosure of Plaintiff's right to cancel the agreement with Defendant in immediate proximity to the place reserved for Plaintiff's signature on the contract.

    d.  **Violation of CROA § 1679f(b)**

32. The CROA, pursuant to 15 U.S.C. § 1679f(b), provides that it is a violation of the CROA to attempt to obtain a waiver of a consumer's protections provided under the CROA.

33. Defendant violated 15 U.S.C. § 1679f(b) through its blatant attempt to attain a waiver of Plaintiff's protections provided under the CROA. Defendant's contract contains a provision wherein Plaintiff released Defendant "from all and all [sic] matters of actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and demands whatsoever in law or equity, for or by reason of any matter, cause, or thing whatsoever based on the circumstances of this contract." This provision is void, unenforceable, and constitutes a violation of the CROA.

WHEREFORE, Plaintiff, ANGEL D. DOMINGUEZ, respectfully requests that the Honorable Court enter judgment in his favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

    c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

    e. Awarding any other relief as the Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TEXAS CREDIT SERVICES ORGANIZATION ACT**

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 393.001(1).

36. Defendant is a "credit services organization" as defined by Tex. Fin. Code § 393.001(3).

    a. **Violations of Tex. Fin. Code §§ 393.201 & 393.202**

37. The TCSOA, pursuant to Tex. Fin. Code § 393.201, outlines certain requirements of the contracts entered into between consumers and credit services organizations including an indication of "the payment terms, including the total payments to be made by the consumer . . . .", § 393.201(b)(1); and the inclusion of "the name and address of the organization's agent in this state authorized to receive service of process." § 393.201(b)(4). Furthermore, § 393.202 discusses the nature of a consumer's right to cancel contracts and how such right must be disclosed to consumers, again in immediate proximity to the space reserved for a consumer's signature on the contract.

38. Defendant violated §§ 393.201(b)(1) & (4) & 393.202 through their failure to provide the information required under Texas law in the contract with Plaintiff. Defendant's contract fails to contain the total payments Plaintiff was expected to make for Defendant's services, and similarly failed to contain the name and address of the organization's agent in Texas to receive service of

process. Defendant's contract further fails to include a notice of Plaintiff's right to cancel in immediate proximity to the space reserved for Plaintiff's signature on the contract.

### b. Violations of Tex. Fin. Code § 393.302

39. The TCOSA, pursuant to Tex. Fin. Code § 393.302, prohibits credit service organizations from receiving money for their services before such services are fully performed.

40. Defendant violated § 393.302 in much the same way it violated § 1679b(b) of the CROA.

### c. Violations of Tex. Fin. Code §§ 393.304(1) & 393.305

41. The TCSOA, pursuant to Tex. Fin. Code § 393.304(1), prohibits a credit services organization from "mak[ing] or us[ing] a false or misleading representation in the offer or sale of the services of the organization." Similarly, pursuant to Tex. Fin. Code § 393.305, "[a] credit services organization or a representative of the organization may not directly or indirectly engage in a fraudulent or deceptive act, practice, or course of business relating to the offer or sale of the services of the organization."

42. Defendant violated §§ 393.304(1) & 393.305 in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

### d. Violations of Tex. Fin. Code § 393.307

43. The TCSOA, pursuant to Tex. Fin. Code § 393.307, state "[a] credit services organization may not attempt to cause a consumer to waive a right under this chapter."

44. Defendant violated § 393.307 in much the same way it violated § 1679f(b) of the CROA.

WHEREFORE, Plaintiff, ANGEL D. DOMINGUEZ, respectfully requests that the Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 393.503(a)(1);

c. Awarding Plaintiff punitive damages pursuant to Tex. Fin. Code § 393.503(b);

d. Enjoin Defendant from further violations of law pursuant to Tex. Fin. Code § 393.502,

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Tex. Fin. Code §§ 393.503(a)(2)-(3); and,

f. Awarding any other relief the Honorable Court deems just and appropriate.

Dated: September 29, 2023                             Respectfully submitted,

                                                                        s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com